**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:16-CV-00144-GNS**

**TODD ANTHONY COPPAGE**                                                    **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                     **DEFENDANT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Todd Anthony Coppage seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff has filed a motion for summary judgment which also contains a Fact and Law Summary (DN 17). Defendant has filed a response (DN 22).

Pursuant to General Order No. 2014-17, this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. By Order entered December 21, 2016 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income respectively on April 4 and April 7, 2014 (Tr. 185, 190). Plaintiff alleged that he

became disabled on March 27, 2014 (Tr. 185) as a result of diabetes, heart disease, and left-eye blindness (Tr. 213). Administrative Law Judge Bonnie Kittinger conducted a video hearing from Lexington, Kentucky on January 7, 2016. Plaintiff was present in Campbellsville, Kentucky and represented by attorney Stacey Hardin Hibbard. Also present and testifying was vocational expert Christopher Rymand.

In a decision dated February 8, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 46-65). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 27, 2014, the alleged onset date (Tr. 51). At the second step, the ALJ determined that Plaintiff's "ischemic heart disease; residuals status post fractures of the right lower extremity, pelvis, and vertebrae; and obesity" are "severe" impairments within the meaning of the regulations (Tr. 51). Notably, at the second step, the ALJ also determined that Plaintiff's "osteoarthritis, diabetes mellitus, blindness in the left eye, gastroesophageal reflux disease, hypertension, sleep apnea, and status post healed open wound of the right lower extremity" are "non-severe" impairments within the meaning of the regulations (Tr. 52). Additionally, the ALJ considered Plaintiff's depression diagnosis and found it to be non-severe as well (Tr. 52). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 53).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a restricted range of light work (Tr. 53-54). More specifically, the ALJ noted the following restriction.

> The claimant is able to lift/carry twenty pounds occasionally and ten pounds frequently and he is able to stand/walk six hours and sit six hours in an eight-hour day. He is able to occasionally climb ramps and stairs, and stoop, kneel, crouch and crawl; however, he

> should not climb ladders, ropes or scaffolds. He should avoid concentrated exposure to hot and cold temperature extremes, vibration and hazards, such as dangerous machinery and unprotected heights. He requires the occasional use of a cane for ambulation.

(Tr. 53-54). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work as a factory extruder operator and maintenance worker (Tr. 58).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 58). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 58). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 27, 2014, through the date of the decision (Tr. 59).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 44-45). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 112-18).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial

evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 112-18). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

> can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the ALJ's decision is supported by substantial evidence and comports with applicable law. It is therefore recommended that petitioner's claim be denied.

## SUMMARY OF PLAINTIFF'S ARGUMENTS

Plaintiff first argues that the ALJ cherry-picked the record by ignoring objective medical evidence that supported a finding of disabled (DN 17-1 at PageID # 1649-58). Plaintiff offers a

summary of his medical history, beginning with his heart disease and diabetes and proceeding to discuss Plaintiff's road to recovery following a serious motorcycle accident on May 7, 2014. Plaintiff contends the ALJ only cited evidence that reflected mild or normal objective findings while ignoring more serious findings (Id. at PageID # 1657). Plaintiff also contends the ALJ used irrelevant evidence to support her finding of not disabled. For instance, Plaintiff complains that the ALJ noted Plaintiff's diminished sensation in the lower extremities but minimized these findings by noting that Plaintiff had normal sensation in the upper extremities (Id. at PageID #1658). Plaintiff contends the latter evidence is irrelevant because Plaintiff never alleged problems with his upper extremities. Next, Plaintiff claims the ALJ erroneously gave too much weight to the opinions of his treating physicians (Id.). Specifically, Plaintiff argues the ALJ relied on treating physicians for the assertion that none of Plaintiff's limitations preclude light work but did not cite objective findings to support this. Additionally, Plaintiff maintains the ALJ should have found that he cannot ambulate effectively and therefore met or medically equaled Listing 1.03 (Id. at PageID # 1665). In short, Plaintiff's argument boils down to an assertion that the ALJ's opinion is not supported by substantial evidence because she failed to consider the entire record, and cherry-picked evidence that supported her conclusion while ignoring unfavorable evidence.

## SUMMARY OF DEFENDANT'S RESPONSE

Defendant contends the ALJ's decision is well-supported by substantial evidence (DN 22 at PageID # 1679). Defendant begins by noting the ALJ's finding that Plaintiff's subjective complaints were not credible from the alleged onset date of March 27, 2014, through Plaintiff's motorcycle accident on May 7, 2014 (Id.). The ALJ did find credible Plaintiff's allegations during his treatment for the accident, but the ALJ loses confidence in Plaintiff's credibility as to

his current condition (Id. (citing Tr. 54)). Defendant further responds that the ALJ is not required to discuss every piece of evidence in the record (Id. at PageID # 1682). Defendant contends the ALJ was not cherry-picking, but was instead weighing the evidence, which is her duty (Id. at 1682-83). Defendant claims good reasons exist for why the ALJ did not discuss certain evidence. In particular, Defendant argues evidence from Plaintiff's rehabilitation following the motorcycle accident is not relevant because the limitations present during rehab did not persist for long enough to satisfy the twelve month durational requirement (Id. at PageID # 1683). Defendant notes that effective ambulation is a specific legal standard the ALJ correctly applied (Id.). Finally, Defendant notes that some of the records Plaintiff accuses the ALJ of failing to consider were not before the ALJ and were only submitted to the Appeals Counsel (Id. at PageID # 1684). As a result, Defendant argues, the records cannot be considered by this Court as part of its substantial evidence review (Id.).

## DISCUSSION

The undersigned will first address Plaintiff's claims that the ALJ cherry-picked the record. Generally, an ALJ has a duty not to cherry-pick facts from the record to support a finding of not disabled where a finding of disabled would otherwise be appropriate. Smith v. Comm'r of Soc. Sec., No. 1:11-cv-2013, 2013 WL 943874, at *6 (N.D. Ohio, March. 11, 2013) (citations omitted). However, an ALJ does not cherry-pick the record simply by resolving discrepancies in the record against the claimant. Id. Moreover, the undersigned does not conduct a *de novo* review of the record, and an ALJ's findings are not subject to reversal for the sole reason that substantial evidence could support the opposite finding Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001). What some describe as "cherry-picking" may more neutrally be termed weighing the evidence. White v. Comm'r of Soc. Sec., 572 F.3d 272, 284 (6th Cir.2009).

7

Here, the ALJ appears to have weighed the evidence, rather than cherry-picking certain records while ignoring others. Defendant correctly points out that the ALJ properly chose not to rely on medical records from the time period involving Plaintiff's motorcycle accident and recovery. While Plaintiff's condition was severe, the period in which he was hospitalized and in recovery lasted well short of a year, and therefore cannot satisfy the requirement that a person be unable to perform substantial gainful activity for a duration of twelve months in order to receive benefits. 20 C.F.R. §§ 404.1505(a), 404.1509. As Defendant points out, two of the records Plaintiff faults the ALJ for not discussing weren't part of the record when the decision was rendered. Those include Plaintiff's EMG report from April, 2015 (*compare* Tr. 1538-40 *with* Tr. 115) as well as Dr. Lamar's findings from October of 2015 (*compare* Tr. 1554-56 *with* Tr. 115). Plaintiff's assertions that the ALJ failed to consider other records are unpersuasive. The ALJ thoroughly discussed Plaintiff's medical history following his recovery from the motorcycle accident (Tr. 55-56).

Plaintiff argues the ALJ erred in failing to discuss one particular visit with neurologist Dr. Shields where Dr. Shields stated Plaintiff has significant neurological deficits (DN 17-1 at PageID # 1654 (citing Tr. 1305)). But here, Plaintiff appears to be the one who is cherry-picking. This ignores numerous other visits, discussed by the ALJ, with relatively normal findings (Tr. 56 (citing Tr. 1369-72). The ALJ's decision does not discuss every single piece of medical evidence, but she is not required to do so. "An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006) (quoting Loral Defense

Systems-Akron v. N.L.R.B., 200 F.3d 436, 453 (6th Cir. 1999)). In the instant case, Plaintiff has failed to even identify a true conflict, only claiming that the ALJ's RFC is not sufficiently restrictive. This more closely resembles a disagreement with how the ALJ weighed the evidence. Because the undersigned finds the ALJ did not cherry-pick the record, I recommend that this claim be denied.

The next issue is whether the ALJ properly considered Plaintiff's treating physician. The undersigned is unclear about the Plaintiff's argument. Plaintiff writes, "[The ALJ] erroneously claimed to give "more weight . . . to the objective medical findings of the claimant's treating physicians," because "none of whom has opined that the claimant has functional limitations precluding light work . . . but did not cite their objective findings." (DN 17-1 PageID # 1658). The undersigned is unclear as to the exact meaning of this statement. However, it does not matter because the Plaintiff has failed to provide a legal citation or otherwise develop this argument. It is therefore deemed waived. United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999).

The final issue is whether the ALJ erred in finding that Plaintiff can ambulate effectively. Contrary to Plaintiff's suggestion, "effective ambulation," under the regulations, does not simply refer to the ability to walk effortlessly or without assistance. Rather, effective ambulation is a legal standard defined as the inability to walk without an assistive device requiring the use of both hands. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(b)(2)(b)(1). Here, as the ALJ noted, Plaintiff used a walker during his rehabilitation process but admits he no longer used it by December of 2014, only seven months after his accident (Tr. 13-14). The ALJ noted in forming her RFC assessment that Plaintiff still ambulates with the assistance of a cane (Tr. 54). Thus, by

his own admission, Plaintiff ambulates effectively. The undersigned therefore recommends this claim be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:	Counsel