UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00144-GNS-HBB

TODD ANTHONY COPPAGE              PLAINTIFF

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (DN 26). For the reasons stated below, Plaintiff's Objection is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 23) is **ADOPTED**, Plaintiff's Motion for Summary Judgment (DN 17) is **DENIED AS MOOT**, and Plaintiff's Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

#### A. Disability

In April 2014, Plaintiff Todd Anthony Coppage ("Plaintiff") applied for disability insurance benefits and supplemental security income alleging he had become disabled on March 27, 2014, as a result of diabetes, heart disease, and left-eye blindness. (Administrative R. 185, 190, 213, DN 12-1 to DN 12-11 [hereinafter R.]). On May 14, 2014, the Social Security Administration ("SSA") notified Plaintiff that his benefits claims had been denied. (R. at 119-22). Plaintiff requested reconsideration via case review on July 14, 2014. (R. at 126). On October 14, 2014, the SSA notified Plaintiff that an independent review by a physician and

disability examiner in the state agency had found the previous denial of benefits to be proper. (R. at 127-33). Plaintiff requested a hearing before an Administrative Law Judge on November 19, 2014. (R. at 141-42). On January 7, 2016, Plaintiff participated in a video hearing before Administrative Law Judge Bonnie Kittinger ("ALJ"). (R. at 1-36). The ALJ denied the claim, reasoning that Plaintiff had not been under a disability from March 27, 2014, through February 11, 2016, the date of the decision. (R. at 46-65).

    B.    <u>ALJ's Decision</u>

In reaching her decision, the ALJ evaluated Plaintiff's application under the five-step sequential evaluation process promulgated by the Commissioner. (R. at 46-65). First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 27, 2014, the alleged onset date. (R. at 51). Second, the ALJ determined that Plaintiff's "ischemic heart disease; residuals status post fractures of the right lower extremity, pelvis, and vertebrae; and obesity" were "severe" impairments within the meaning of the regulations. (R. at 51). The ALJ also found that Plaintiff's "osteoarthritis, diabetes mellitus, blindness in the left eye, gastroesophageal reflux disease, hypertension, sleep apnea, and status post healed open wound of the right lower extremity" and depression diagnosis were "non-severe" impairments within the meaning of the regulations. (R. at 52). Third, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1.[1] (R. at 53). Fourth, the ALJ found Plaintiff has the residual functional capacity to perform a restricted range of light work, subject to limitations.[2] (R. at 53-

---

[1] 20 C.F.R. Part 404, Subpart P, Appendix 1 contains the listing of impairments recognized by the SSA that may qualify an individual for benefits.
[2] The ALJ's findings regarding Plaintiff's restrictions read:

2

54). Relying on testimony from a vocational expert, the ALJ found Plaintiff unable to perform any of his past relevant work as a factory extruder operator and maintenance worker. (R. at 58). Fifth, the ALJ considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert. (R. at 58). The ALJ concluded that Plaintiff was capable of performing a significant number of jobs that exist in the national economy, and has not been under a "disability," as defined in the Social Security Act,[3] since the filing date of his application. (R. at 58-59). Plaintiff filed a request for review, which the Appeals Council denied. (R. at 44-45, 112-18).

C. **Plaintiff's Federal Claim**

Plaintiff filed suit in this Court seeking judicial review of the Commissioner's final decision. (Compl., DN 1). Following the filing of the administrative record and fact and law summaries from each party, Magistrate Judge Brennenstuhl recommended that the final decision of the Commissioner be affirmed. (R. & R. 1, 10).

Plaintiff objected to Magistrate Judge Brennenstuhl's recommendation, and the Commissioner responded. (Pl.'s Obj., DN 26; Def.'s Resp. Pl.'s Obj., DN 27). This matter is ripe for adjudication.

---

> [T]he claimant is able to lift/carry twenty pounds occasionally and ten pounds frequently and he is able to stand/walk six hours and sit six hours in an eight-hour day. He is able to occasionally climb ramps and stairs, and stoop, kneel, crouch and crawl; however, he should not climb ladders, ropes or scaffolds. He should avoid concentrated exposure to hot and cold temperature extremes, vibration and hazards, such as dangerous machinery and unprotected heights. He requires the occasional use of a cane for ambulation.

(R. at 53-54).
[3] The term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A) (Title II); *see also* 1382c(a)(3)(A) (utilizing an identical definition of "disability" under Title XVI).

## II.     JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.     STANDARD OF REVIEW

District courts review the parts of a magistrate judge's R. & R. to which objections are raised *de novo*, and, in doing so, may accept, reject, or modify, in whole or in part, the R. & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This differs from the standard applied to the Commissioner's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted).

## IV.     DISCUSSION

The Magistrate Judge recommended that the final decision of the Commissioner, via the ALJ's decision, be affirmed and Plaintiff's Complaint be dismissed. (R. & R. 10). Plaintiff objects, arguing that Magistrate Judge Brennenstuhl: (1) incorrectly found no error regarding the ALJ's consideration of evidence provided by Dr. Christopher Shields, a neurosurgeon who

4

evaluated Plaintiff in March 2015; (2) mischaracterized the ALJ's analysis of the medical record as thorough, when there were not "numerous other visits, discussed by the ALJ, with relatively normal findings"; and (3) incorrectly concluded the medical evidence of Plaintiff's recovery immediately after the accident was irrelevant. These objections are addressed in turn.

### A.  Neurosurgeon Evidence

Plaintiff objects that the ALJ failed to consider the diagnosis and opinion of Dr. Shields, and that Magistrate Judge Brennenstuhl therefore mischaracterized the ALJ's discussion of Plaintiff's medical history as "thorough." (Pl.'s Obj. 1-3). Plaintiff argues that the ALJ's failure to mention Dr. Shields' findings that Plaintiff had "significant neurological deficits following his motorcycle accident[,]" and diagnosis of lumbar radiculopathy (R. 1300, 1302) undermines any "confidence" the Court may have as to whether "the ALJ actually considered and weighed Dr. Shields' diagnosis and opinion . . . ." (Pl.'s Obj. 2). Plaintiff mounts the same contention regarding Dr. Shields' referral of Plaintiff for an EMG, which "showed evidence of a L4 radiculopathy on the left side." (R. at 1398). Plaintiff objects that this test result was not mentioned by the ALJ, and insists that Plaintiff's counsel submitted the EMG report itself into the record before the ALJ. (Pl.'s Obj. 2-3).

As noted in the R. & R., however, the EMG report, marked as Exhibit 27F, was not listed in the record before the ALJ, but was included in the record when Plaintiff's request for review was denied by the Appeals Council. (R. at 61-65, 112-18). While the results of the EMG were included in Dr. Shields' report marked Exhibit 20F, which was before the ALJ, the ALJ's reliance on other sections of this evidence reflects a weighing of the evidence rather than "cherry-picking," as in the R. & R. (R. at 56 ("[Plaintiff] consulted a neurosurgeon, who advised

5

he was not a surgical candidate and recommended pain management (Ex. 16F; 20F; Testimony).")).

The ALJ made findings throughout her decision that demonstrated reliance on the complete record before her, including the reports of Dr. Shields. (R. at 56-57). The ALJ therefore complied with Section 416.926a(e)(1) and (e)(4), and her decision was "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers*, 486 F.3d at 241 (citations omitted). The Court is therefore obliged to affirm, as it is not its function upon review to second-guess the factfinder with respect to conflicts of evidence. *Bass*, 499 F.3d at 509 (citation omitted); *Siterlet*, 823 F.2d at 920 (citation omitted).

### B. ALJ's Review of the Medical Record as a Whole

Plaintiff next objects to the R. & R.'s characterization of the ALJ's analysis of the medical evidence as being "thorough," as Plaintiff argues there were not, as the R. & R. states, "numerous other visits, discussed by the ALJ, with relatively normal findings." (Pl.'s Obj. 3-6). Plaintiff complains:

> [W]hen the ALJ "weighed" the evidence from the months after the accident, she left out the findings that supported Mr. Coppage was not doing well. The ALJ did not weigh all the evidence. Obviously, she left out the medical findings that supported Mr. Coppage's allegations. Instead, she cited only medical evidence that allowed her to diminish Mr. Coppage's allegations. There was no weighing of the evidence. The ALJ cannot weigh evidence she does not mention.[4]

(Pl.'s Obj. 6).

The Court finds, however, that the ALJ relied upon the medical record as a whole when making her decision, including records from Plaintiff's hospitalization following his motorcycle

---

[4] Contrary to Plaintiff's proposition, the Sixth Circuit has held that "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Loral Def. Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) (internal quotation marks omitted) (citation omitted).

accident, as well as those from follow-up appointments and consultations with other physicians, and discussions of tests performed in the months following the accident, including six x-rays, a Doppler study, and a CT. (R. at 55-58 (citing R. at 658-758, 1143-47, 1191-1314, 1319, 1322, 1324, 1328, 1345, 1350-1406, 1427-37, 1459, 1461, 1464, 1489-90)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, *shall be conclusive* . . . ." 42 U.S.C. § 405(g) (emphasis added). While Plaintiff is not persuaded that the ALJ's determination was correct, the Court agrees with Magistrate Judge Brennenstuhl that the decision is supported by substantial evidence in the record, and the Court will not second-guess her position as factfinder. *Bass*, 499 F.3d at 509 (citation omitted); *Siterlet*, 823 F.2d at 920 (citation omitted).

### C. Relevance of Post-Accident Medical Records

Finally, Plaintiff argues that Magistrate Judge Brennenstuhl's finding that there was no error when the ALJ "deemed the medical evidence of Mr. Coppage's recovery shortly after the accident irrelevant."[5] (Pl.'s Obj. 6-7). With regard to the ALJ's discussion of the record relating to Plaintiff's accident, the R. & R. notes that, "[w]hile Plaintiff's condition was severe, the period in which he was hospitalized and in recovery lasted well short of a year, and therefore cannot satisfy the requirement that a person be unable to perform substantial gainful activity for a duration of twelve months in order to receive benefits." (R. & R. 8 (citing 20 C.F.R. §§ 404.1505(a), 404.1509)). The Court agrees and finds that the ALJ's weighing of the evidence appropriate under the relevant regulatory provisions.

---

[5] This characterization is flawed, as nowhere in her decision did the ALJ find that the records immediately following Plaintiff's accident were "irrelevant." (R. at 46-65).

## V. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 26) is **OVERRULED**;

2. Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law, and Recommendation (DN 23) are **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment (DN 17) is **DENIED AS MOOT**; and

4. Plaintiff's Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge
United States District Court**
January 5, 2018

cc: counsel of record